UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMMY KINNER,

    Petitioner,

v.                                          Case No. 3:25-cv-589-MMH-SJH

JAMES ALLEN,

    Respondent.
_____

**ORDER**

    Petitioner, Timmy Kinner, an inmate of the Florida penal system, initiated this action on May 23, 2025,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Kinner alleges that since arriving at his current facility, he has not had the opportunity for outdoor recreation and that he has been assaulted and robbed by staff and other inmates. Petition at 9. As relief, he seeks an "immediate transfer" or "protective orders". Id. at 19.

    Because Kinner seeks to challenge the conditions of his confinement, not the fact of confinement, the appropriate cause of action would be a complaint for violation of civil rights pursuant to 42 U.S.C. § 1983. See Nelson v.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of confinement or to particulars affecting its duration are the province of habeas . . .; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). To initiate an action under § 1983, Kinner must file a complaint, using the standard form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form . . . ."). Here, Kinner has not provided all the information requested on that form. Moreover, Kinner states he has a § 1983 complaint pending on this issue. Petition at 18. A review of his litigation history shows Kinner has at least three § 1983 complaints pending in this Court with various allegations regarding the conditions of his confinement. Kinner v. Reed, et al., No. 3:24-cv-445-MCR; Kinner v. Doe #1, et al., No. 3:24-cv-01131-WWB-SJH; Kinner v. Lt. Cartwright, et al., 3:24-cv-1294-WWB-MCR. As such, to the extent he challenges his conditions of confinement, this case would be redundant.

Additionally, to the extent he seeks a transfer to another facility, the Court would note that "the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

"[I]nmates usually possess no constitutional right to be housed at one prison over another." Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Thus, the Court lacks the authority to enter an order directing the Florida Department of Corrections to place Kinner in another facility.

For the reasons above, the Court dismisses the Petition without prejudice to Kinner's right to refile his claims under 42 U.S.C. §1983 to support a claim for relief, to the extent any such claims are not already raised in his pending complaints.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Kinner's Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The Clerk of the Court is **directed** to send Kinner civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Kinner chooses to refile his claims, he may complete and submit the appropriate forms. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
c:   Timmy Kinner, #F91538

4